IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>$355,168.21 FROM BMO BANK ACCOUNT IN THE NAME OF JENNIFER TOY AND ENDING IN 5425<br><br>$285,000.81 FROM BMO BANK ACCOUNT IN THE NAME OF TOY FILMS LLC AND ENDING IN 5939,<br><br>   Defendants. | Civil Action No. 2:24cv1309 |

## VERIFIED COMPLAINT FOR FORFEITURE

AND NOW comes the United States of America, by and through its counsel, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Jeffrey R. Bengel, Assistant United States Attorney for the Western District of Pennsylvania, and respectfully represents as follows:

1. Plaintiff, the United States of America, brings this civil action *in rem* for forfeiture to the United States of the following property (collectively, the "Defendant Property") pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C):

   a. $355,168.21 from BMO Bank account in the name of Jennifer Toy and ending in 5425 (24-USS-000280); and

   b. $285,000.81 from BMO Bank account in the name of Toy Films LLC and ending in 5939 (24-USS-000279).

2. Jurisdiction is predicated upon 28 U.S.C. §§ 1345 and 1355. Venue is proper under 28 U.S.C. §§ 1395 and 1355.

3.      On July 2, 2024, pursuant to federal seizure warrants, the United States Secret Service ("USSS") seized the Defendant Property, and it remains in the custody of the USSS.

4.      The USSS discovered the Defendant Property during the investigation of a "romance scam" targeting victims in the Western District of Pennsylvania and elsewhere. A romance scam is a fraud in which perpetrators take advantage of those looking for romantic partners, often via dating websites or social media applications, by pretending to be a prospective companion. Through sustained contact and social engineering, the perpetrators of romance scams convince the victims that they are in a romantic relationship with the perpetrator. Then, the perpetrator requests that the victims send money to the perpetrator or their conspirators—often to address purported emergencies or other difficulties being experienced by the perpetrator. In reality, the victim is not in a romantic relationship and the circumstances purportedly requiring the transfer of funds are not real. The victim is simply sending money to the perpetrator and their associates. Romance scams often target the elderly population.

5.      W.A., a resident of the Western District of Pennsylvania, is the victim of a romance scam. W.A. was contacted initially over Facebook, by an individual using the name Jolly Menez. "Menez" was purportedly looking for a spouse, who could help her obtain a large inheritance stuck overseas.

6.      Subsequently, W.A. was contacted by additional individuals and entities, supposedly involved in the process of freeing up Menez's inheritance. These correspondents instructed W.A. to send money, which was purportedly needed as storage fees for a significant amount of gold, to accounts and addresses identified by the perpetrators. Based on those instructions, in 2023, W.A. made payments totaling more than $326,000 to an entity called Toy Films, LLC.

7. Through its investigation, the USSS identified an account at BMO Bank, ending in 5939 and in the name of Toy Films, Inc. That account had been opened on November 16, 2023, with a teller deposit of $100. On November 21, 2023, it received an incoming wire of $250,000.00, from a First Republic Checking Account in the name of Toy Films LLC and ending in 03913. On November 16, 2023, that same First Republic Account had received a $2,000,000 incoming wire from C.A. Following November 21, 2023, the only additional funds deposited in the BMO Bank account ending 5939 were interest payments and a $34,886.24 teller deposit. That deposit correlates with a cashier's check that was issued to Jennifer Toy by Mechanics Bank, after the bank had closed an account in that name for suspicious activity.

8. C.A. has been identified as a victim of a romance scam. C.A. was contacted over a dating website by someone purporting to be a man working overseas as a defense contractor. That individual informed C.A. that he had been injured and needed money to be bought out of his contract. To accomplish that, the individual instructed C.A. to send money to various accounts, including those belonging to the companies Toy Films LLC and LG Global. C.A. believes that she sent approximately $4.8 million to those entities as part of the fraud.

9. Funds traceable to C.A. have also been located in a BMO Bank account in the name of Jennifer Toy and ending in 5425. Specifically, on November 27, 2023, C.A. transferred $2,000,000.00 to a JP Morgan Chase checking account in the name of LG Global LLC and ending in 1013. On December 4, 2023, $1,970,000.00 was transferred from that account to JP Morgan Chase savings account in the name of LG Global LLC ending in 0367. Then, through a series of transactions, large amounts of money were transferred back to the JP Morgan Chase checking account ending in 1013. Those transactions included: a $123,500 transfer on December 6, 2023; a $215,000 transfer on December 15, 2023; a $350,000 transfer

on December 20, 2023; a $350,000 transfer on January 10, 2024; and a $700,000 transfer on January 17, 2024.   As of December 18, 2023, the BMO Bank account ending in 5425 had a balance of $2,878.21.   On January 11, 2024 and again on January 18, 2024, that account received incoming wire transfers of $350,000 each.   Both wire transfers had originated from the JP Morgan Chase checking account in the name of LG Global LLC and ending in 1013.   After those transfers, there were no additional deposits into the BMO Bank account ending in 5425, although there were several outgoing transfers.

10. The USSS seized the funds in the BMO Bank accounts ending in 5939 and 5425 on July 2, 2024.   The Defendant Property represents the funds in those accounts at the time of the seizures.

11. The Defendant Property represents proceeds generated from wire fraud, in violation of 18 U.S.C. § 1343, and involved in money laundering, in violation of 18 U.S.C. §§ 1956 and 1957.

12. By reason of the foregoing, the Defendant Property is forfeitable to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

WHEREFORE, the United States respectfully requests that process of a warrant *in rem* issue for the arrest of the Defendant Property; that judgment of forfeiture be entered in favor of the United States for the Defendant Property; and that the United States be granted such relief as this Honorable Court may deem just and proper, together with the costs and disbursements of this action.

        Respectfully submitted,

        ERIC G. OLSHAN
        United States Attorney

        */s/ Jeffrey R. Bengel*
        JEFFREY R. BENGEL
        Assistant U.S. Attorney
        700 Grant Street, Suite 4000
        Pittsburgh, PA 15219
        DC ID No. 1018621

## VERIFICATION

I am a Special Agent of the United States Secret Service, and the case agent assigned the responsibility for this case.   I have read the contents of the foregoing complaint for forfeiture and the statements contained therein are true and correct to the best of my knowledge and belief.

I verify under penalty of perjury that the foregoing is true and correct.   Executed on this 16th day of September, 2024.

      */s/ Theodore Stevens Kennedy*
Theodore Stevens Kennedy, Special Agent
United States Secret Service